## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GLOBERANGER CORPORATION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:11-CV-403** |
| | § | |
| **SOFTWARE AG, SOFTWARE AG USA,** | § | |
| **INC., SOFTWARE AG, INC., NANIQ** | § | |
| **SYSTEMS, LLC, and MAIN SAIL LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Software AG USA, Inc. and Main Sail LLC (collectively "Defendants") hereby file this Notice of Removal of Cause No. CC-11-01367-A from the County Court at Law No. 1 in Dallas County, Texas to this Court. As grounds for its removal of this action, Defendants respectfully show the following:

### I.    INTRODUCTION AND BACKGROUND

This case centers on Plaintiff GlobeRanger Corporation's ("GlobeRanger") claim that Defendants misappropriated GlobeRanger's trade secrets in developing a radio frequency identification solution for the United States Navy. On December 3, 2010, GlobeRanger filed Cause No. 3:10-CV-2464-B in this Court, asserting the same causes of action against some of the same Defendants involved in this case.[1] After GlobeRanger filed an amended complaint, Defendants moved to dismiss that action on February 17, 2011. Relying on Defendants' alternative argument that complete diversity was lacking, GlobeRanger filed a notice of dismissal without prejudice on February 24, 2011. Although Defendants' motion to dismiss set

---

[1] Defendant Software AG, Inc. was not named as a defendant in Cause No. 3:10-CV-2464-B.

forth the basis for this Court's exclusive jurisdiction over the claims at issue in both the prior cause of action and this one, GlobeRanger chose to ignore the law and instead filed its Original Petition ("Petition") commencing this action in state court on February 24, 2011. Because GlobeRanger has asserted claims over which federal courts have exclusive jurisdiction, Defendants now remove this action.

## II.    THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

The removal of this case is proper under 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and all applicable requirements for removal have been satisfied.

### A.    The Court has exclusive jurisdiction here because GlobeRanger's state law claims are preempted by the Federal Copyright Act.

GlobeRanger asserts causes of action for (1) misappropriation of trade secrets, (2) conversion, (3) unfair competition, (4) conspiracy, and (5) tortious interference. Pet. at ¶¶ 95-119. With the exception of the conspiracy claim, each of these causes of action is preempted by the Federal Copyright Act, which provides for exclusive jurisdiction in federal courts. *See* 28 U.S.C. § 1338; *Pick v. Pikoff*, No. 3:04-CV-0170-B, 2004 WL 2997480, at *1 (N.D. Tex. Dec. 27, 2004) (Boyle, J.) ("Federal courts have exclusive original jurisdiction over claims of copyright infringement and the Federal Copyright Statute completely preempts most state law causes of action that fall within its scope."). Although GlobeRanger has not asserted causes of action under federal law, "[t]he preemptive force of § 301 [of the Copyright Act] transforms a state law complaint asserting preempted claims into a complaint stating a federal claim." *Aldridge v. Gap, Inc.*, 866 F. Supp. 312, 313-14 (N.D. Tex. 1994) (McBryde, J.); *see also Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993) ("We likewise conclude that Congress intended that actions pre-empted by § 301(a) of the Copyright Act be regarded as

arising under federal law."). Accordingly, removal is proper because this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. *See, e.g.*, *Pick*, 2004 WL 2997480, at *1 (noting that removal is proper if the defendants "demonstrate that Plaintiff is in fact bringing copyright preempted claims"); *Tavormina v. Evening Star Prods., Inc.*, 10 F. Supp. 2d 729, 732-33 (S.D. Tex. 1998) ("[I]f any of Plaintiffs' claims fall within the scope of the Copyright Act, then those claims would be preempted, would be federal in nature, and could serve as a basis for removal jurisdiction.").

GlobeRanger's Petition alleges that Defendants improperly used GlobeRanger's software, source code, architecture, and business process (collectively, "computer program elements") in an attempt to plead claims for misappropriation of trade secrets, conversion, unfair competition, and tortious interference. *See* Pet. at ¶¶ 77, 81, 95-109, 114-119. However, the Federal Copyright Act provides the exclusive remedies for any alleged improper use of copyrightable works[2] and preempts all other causes of action if (1) the alleged misappropriated matter falls "within the subject matter of copyright" and (2) the claim is "equivalent" to any of the exclusive rights of a federal copyright. *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995). This case meets both of these requirements. GlobeRanger's state law claims are therefore preempted, conferring federal-question jurisdiction on this Court.

It is well settled that computer programs fall within the subject matter of copyright. *See Vault Corp. v. Quaid Software Ltd.*, 847 F.2d 255, 259 (5th Cir. 1988). In particular, "copyright

---

[2] The Federal Copyright Act provides as follows:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

protection extends not only to the literal elements of a program, *i.e.*, its source code and object code, but also to its 'nonliteral' elements, such as the program architecture, 'structure, sequence and organization,' operational modules, and computer-user interface." *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1341 (5th Cir. 1994); *see Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 536 n.20 (5th Cir. 1994) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)).   GlobeRanger alleges that Defendants have wrongfully used software, source code, architecture, and business process.  *See, e.g.*, Pet. at ¶¶ 77, 81, 96.  Numerous courts have held that, as a matter of law, the alleged misuse of these computer program elements falls within the subject matter of copyright law.  *See Eng'g Dynamics*, 26 F.3d at 1341 (citing cases).[3]

Moreover, as copyright law exists primarily to protect against wrongful copying, a state law claim is equivalent to a copyright claim "where the core of the state law theory of recovery goes to wrongful copying."  *MicroSource, Inc. v. Superior Signs, Inc.*, No. 3:97-CV-2733-G, 1998 WL 119537, at *2 (N.D. Tex. Mar. 9, 1998) (Fish, J.); *see Daboub*, 42 F.3d at 289 ("The core of each of these state law theories of recovery in this case [including conversion and misappropriation] is the same: the wrongful copying, distribution, and performance of the lyrics of *Thunderbird*.  The similitude of tunes with respect to the state and copyright causes of action

---

[3] *See also, e.g., Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 702 (2d Cir. 1992) ("It is now well settled that the literal elements of computer programs, i.e., their source and object codes, are the subject of copyright protection."); *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-CV-0937-P, 2008 WL 5552245, at *1 (N.D. Tex. Dec. 31, 2008) (Solis, J.) (examining infringement claim involving "copyrightable computer software programs"); *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 81 (D.D.C. 2007) ("Convera counters that any claims for copyright infringement of the database schema must be dismissed for lack of subject matter jurisdiction because the registered material does not include the schema.  The Court rejects Convera's narrow reading of what is protectable when a company registers a computer program and therefore declines to dismiss the copyright claim based on lack of subject matter jurisdiction."); *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 650 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ("Macros are simple computer programs.  They program based on the existing computer program.  Using instructions provided by Continental to its employees, Butler input his macro into the dumb terminals.  This is a tangible expression of the program and is copyrightable.  We conclude the macros Butler wrote are protected by copyright as non-literal components of a computer program.").

is a most harmonious one."). Each of GlobeRanger's claims (other than the conspiracy claim) arises from the allegation that Defendants wrongfully used GlobeRanger's intellectual property. As a matter of law, courts have concluded that each of these claims—misappropriation of trade secrets,[4] conversion,[5] unfair competition,[6] and tortious interference[7]—is equivalent to a copyright claim.

In sum, the computer program elements fall within the subject matter of copyright, and GlobeRanger's claims for misappropriation of trade secrets, conversion, unfair competition, and tortious interference are equivalent to the exclusive rights of a federal copyright to reproduce, distribute, perform, and display a copyrighted work. *See* 17 U.S.C. § 106(a). The Federal Copyright Act therefore preempts and extinguishes GlobeRanger's causes of action to the extent that they allege counts based on these computer program elements. As such, removal is proper because the preemptive force of the Copyright Act transforms GlobeRanger's state law petition into a complaint stating a federal claim. *See Aldridge*, 866 F. Supp. at 313-14.

---

[4] *MicroSource*, 1998 WL 119537, at *2 ("At the core of MicroSource's . . . theft of trade secrets claims are allegations that the defendants' wrongfully copied and distributed the MicroSource software. . . . Therefore, the . . . theft of trade secrets claims also satisfy the second prong of the *Daboub* test and are preempted by federal law.").

[5] *M-I, LLC v. Stelly*, 733 F. Supp. 2d 759, 792 (S.D. Tex. 2010) (concluding that conversion claims were preempted to the extent that they stated a claim for converting copyrightable materials); *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 291 (E.D. Tex. 1988) (finding plaintiff's conversion claim to be preempted because it sought relief on the basis of defendant's alleged copying of plaintiff's architecture).

[6] *MicroSource*, 1998 WL 119537, at *2 ("At the core of MicroSource's unfair competition . . . claims are allegations that the defendants' wrongfully copied and distributed the MicroSource software. . . . Therefore, the unfair competition . . . claims also satisfy the second prong of the *Daboub* test and are preempted by federal law.").

[7] *M-I, LLC*, 733 F. Supp. 2d at 788-89 ("Based on this case law, the Court holds that, to the extent M-I's tortious interference claims are based on M-I losing benefits flowing from its exclusive right to tool drawings, designs, and other copyrightable material, its claims are preempted."); *Gemcraft Homes*, 688 F. Supp. at 295 (preempting plaintiff's tortious interference claim and noting that "[t]he fact that intentional interference with contract requires elements of knowledge of the existing contract and intentional interference with the contract, in addition to copying the plans merely means that the tortious interference claim is narrower than a copyright infringement claim").

**B.      The Court may exercise supplemental jurisdiction over GlobeRanger's state law conspiracy claim.**

In addition to the claims that are preempted by federal law, GlobeRanger asserts a cause of action for conspiracy.  Pet. at ¶¶ 110-113.  While the conspiracy claim may not be preempted by the Federal Copyright Act, this Court may exercise supplemental jurisdiction over this state law cause of action.  *See* 28 U.S.C. § 1367; *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).  Accordingly, "the entire case may be removed and the district court may determine all issues therein."  28 U.S.C. § 1441(c).

**C.      This Notice of Removal is procedurally correct.**

Defendants have satisfied all applicable procedural requirements relating to this Notice of Removal.  As noted above, the case was filed in state court on February 24, 2011.  Defendant Main Sail LLC accepted service through its counsel of record on February 25, 2011.  Defendant Software AG USA, Inc. received notice of the commencement of this action on February 25, 2011.  Although Software AG USA, Inc. has not yet been served, removal is permissible prior to service of process.  *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal. . . .  We read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.").  This Notice of Removal is being filed within thirty days of Defendants' receipt of the Petition, "through service or otherwise," and is therefore timely pursuant to 28 U.S.C. § 1446(b).

In addition, all other removal requirements have been satisfied.  Defendants have complied with the Local Rule 81.1 regarding the required form of documents to be filed for removal:

- Attached hereto as Exhibit A is an index of documents filed in the state court that clearly identifies each document and indicates the date the document was filed in state court;

- Attached hereto as Exhibit B is a copy of the docket sheet for the state court action;

- Attached hereto as Exhibit C are true and correct copies of each document filed in the state court action, individually tabbed and arranged in chronological order;

- Attached hereto as Exhibit D is a separately signed certificate of interested persons for Defendant Software AG USA, Inc. that complies with Local Rule 3.1(f); and

- Attached hereto as Exhibit E is a separately signed certificate of interested persons for Defendant Main Sail LLC that complies with Local Rule 3.1(f);

Additionally, in compliance with the Local Rules, a Northern District Civil Action Cover Sheet, a Supplemental Civil Cover Sheet for Cases Removed from State Court, and a Notice of Related Case have been filed herewith. Defendant Software AG USA, Inc. has paid the filing fee for the removed action. Contemporaneously herewith, Defendant Software AG USA, Inc. has filed a Notice of Filing Notice of Removal to Federal Court with the County Court at Law No. 1 in Dallas County, Texas.

**D.     All Defendants consent to this removal.**

All defendants who have been served—as well as Defendant Software AG USA, Inc.—consent to this removal. "[T]he consent of defendants who have not been served is not required in order to properly remove a case." *Med. Staffing Network, Inc. v. Health Care Capital, Inc.*, No. 3:04-CV-0794-B, 2004 WL 2626541, at *1 (N.D. Tex. Nov. 16, 2005) (Boyle, J.) (citing *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993)). Counsel of record for each joining Defendant has separately signed this Notice of Removal.

**E.**     **GlobeRanger's Petition does not contain a jury demand.**

GlobeRanger did not demand a jury in its state court Petition.

### III.     CONCLUSION

By this notice, Defendants do not waive any defenses or objections that they may have to service, jurisdiction, or venue.  Defendants intend no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas.  Defendants pray that this action be removed to this Court for determination, that all further proceedings in the state court suit be stayed, and that Defendants obtain all additional relief to which they are entitled.

Respectfully submitted,


  /s/ Allen W. Yee
William D. Sims, Jr.
  Texas Bar No. 18429500
Allen W. Yee
  Texas Bar No. 24042201
Tyler J. Bexley
  Texas Bar No. 24073923
VINSON & ELKINS L.L.P.
  2001 Ross Avenue, Suite 3700
  Dallas, Texas  75201
  Tel: 214-220-7700
  Fax: 214-220-7776
  bsims@velaw.com
  ayee@velaw.com
  tbexley@velaw.com

*Attorneys for Defendant Software AG USA, Inc.*


  /s/ *Rodney Acker*
Rodney Acker
  Texas Bar No. 00830700
Karl G. Dial
  Texas Bar No. 05800400
FULBRIGHT & JAWORSKI L.L.P.
  2200 Ross Avenue, Suite 2800
  Dallas, Texas 75201
  Tel: 214-855-8000
  Fax: 214-855-8200
  racker@fulbright.com
  kdial@fulbright.com

*Attorneys for Defendant Main Sail LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2011, I served a true and accurate copy of the foregoing document on the following counsel via filing of the same with the Court's CM/ECF system and electronic mail:

> Kerry Peterson
> Matthew D. Rinaldi
> MILLER, EGAN, NOLTER & NELSON LLP
> 4514 Cole Ave., Suite 1250
> Dallas, Texas 75205
> Tel: 214-628-9500
> Fax: 214-628-9507
> kerry.peterson@milleregan.com
> matt.rinaldi@milleregan.com

/s/ Allen W. Yee