UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBERANGER CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-0403-B |
| | § | |
| SOFTWARE AG, et. al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff GlobeRanger Corporation's ("GlobeRanger") Motion to Remand (doc. 10). Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

## I.

## BACKGROUND[1]

This case concerns Defendants Software AG-Germany, Software AG- USA, Inc., Software AG, Inc., Naniq Systems, LLC, and Main Sail, LLC, (collectively the "Defendants") alleged misappropriation of GlobeRanger's trade secrets related to the GlobeRanger RFID Solution, a radio frequency identification ("RFID") system. (Pl.'s Original Pet. ¶¶ 21-27). By way of background, GlobeRanger uses its RFID software platform, along with necessary hardware, to create custom-tailored GlobeRanger RFID Solutions for its customers. (*Id.*). GlobeRanger alleges that it was denied an opportunity to present its RFID Solution to the Naval Supply Chief Information Officer

---

[1] The background facts are derived from undisputed facts gleaned from the parties' court papers. Where there may be a dispute over a stated fact the Court has so indicated by claiming the fact as one stated by that party to be true.

due to misconduct by Defendants.(*Id.* at 53, 68). Additionally, GlobeRanger alleges that Defendants used their access to GlobeRanger's RFID Solution technology to reverse-engineer the program and create and market their own RFID Solution. (*Id.* at 42, 44, 88-93).

On February 24, 2011 GlobeRanger filed suit in state court, asserting claims of misappropriation of trade secrets, conversion, unfair competition, conspiracy, and tortious interference against Defendants. (Pl.'s Original Pet. ¶¶ 95-119). Defendants removed the action to this Court from the Dallas County Court at Law No. 1 on March 1, 2011, alleging that GlobeRanger's state law claims are preempted by the Copyright Act. (Def.'s Notice of Removal 2). Plaintiff GlobeRanger filed its Motion to Remand (doc. 10) on March 25, 2011. The Motion being ripe, the Court now turns to the merits of its decision.[2]

## II.

## LEGAL STANDARDS

*A. Motion to Remand*

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited, and federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331-32. Because the removal statute is strictly construed, any ambiguities are construed against removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Acuna v. Brown & Root, Inc.*, 200 F.3d 335,

---

[2] Previously, on December 3, 2010, GlobeRanger filed an almost identical action in federal court, assigned to this Court. (Case No. 3:10-CV-2464-B) GlobeRanger later voluntarily dismissed the case without prejudice on February 24, 2011. (Doc. 22 Feb. 24, 2011).

339 (5th Cir. 2000) (stating that doubts regarding removal are resolved against federal jurisdiction). The party invoking federal jurisdiction has the burden of establishing it. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The district court may "pierce the pleadings" and consider outside evidence in determining whether remand is appropriate. *See Burden v. Gen'l Dynamics Corp.*, 60 F.3d 213, 216-17 (5th Cir. 1995). However, the Court must limit its consideration of outside evidence to factual issues related to jurisdiction. *Id.* If at any point during the course of litigation "it appears that the [federal] district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

　　　*B. Supplemental Jurisdiction*

　　　Federal courts are vested with supplemental jurisdiction when, having original jurisdiction over a federal claim, additional state claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The federal court may exercise supplemental jurisdiction over state law claims that "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). If a plaintiff's state and federal claims are of such a character "that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.*

## III.

## ANALYSIS

In their Notice of Removal, Defendants claim that although Plaintiff's Original Petition does not include a copyright claim, the causes of action asserted are preempted by the Copyright Act. (Def.'s Notice of Removal 2-5).

Federal courts have exclusive original jurisdiction over claims of copyright infringement. *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (citing 28 U.S.C. § 1338(a)). The Copyright Act generally preempts state law claims that are equivalent to any of the exclusive rights created by the copyright law. 17 U.S.C. § 301(a). In determining whether a state law claim is preempted by the federal copyright law, the Court applies a two-prong test. *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (citing *Daboub v. Gibbons*, 42 F.3d 285, 288-89 (5th Cir. 1995)). First, the Court determines whether the claim falls within the subject-matter of copyright. *Id.* Next, the Court looks to whether the state law cause of action protects rights that are "equivalent" to any of the exclusive rights protected by copyright, which include rights to reproduce, distribute, perform, and display the copyrighted work. 17 U.S.C. § 106; *Carson*, 344 F.3d at 456. A state-created right is equivalent to these rights "if the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (citations omitted). The "extra-element" test is used to determine whether the protected rights under state law are equivalent to the rights protected under the Copyright Act. A state claim is equivalent if it involves "'elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act.'" *Daboub*, 42 F.3d at 290 (quoting *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 850 (D.Mass. 1986)).

*A. Subject-Matter Jurisdiction*

The Court must first determine whether the GlobeRanger RFID Solution falls within the subject-matter of the Copyright Act, which states:

> (a) Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. . .
> (b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102 (a-b).

Here, Defendants argue that GlobeRanger's suit is preempted by the Copyright Act because computer programs are protected by the Copyright Act, and GlobeRanger's claims are based on Defendant's improper access to and use of GlobeRanger's computer software. (Def.'s Notice of Removal 2-5). GlobeRanger maintains in its Motion to Remand that the Defendants stole its "ideas and processes," not its computer software or program. (Pl.'s Mot. Remand 16).

In its Original Petition, GlobeRanger alleges that Defendants reverse-engineered GlobeRanger's software codes. (Pl.'s Original Pet. ¶¶ 75-85). Defendants argue that the act of reverse-engineering necessarily falls within the scope of the Copyright Act because only tangible expressions of ideas and processes can be reverse-engineered, not the ideas and processes themselves. (Def.'s Notice of Removal 5). GlobeRanger counters that Defendants already possessed webMethods, a software platform capable of implementing an RFID system. (*See* Pl.'s Original Pet. ¶ 34). GlobeRanger further argues that the GlobeRanger RFID Solution is different for every client. (Pl.'s Mot. Remand 10-11). As a result, GlobeRanger argues, Defendants did not steal the tangible,

creative expression of a particular GlobeRanger RFID Solution. Rather, they stole the intangible research, development, skills, labor, reputation and expenditures used to create a variety of GlobeRanger RFID Solutions. (*Id.* at 12).

It is well-settled that computer software falls within the scope of copyright protection. *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 400 (5th Cir. 2000) (citing *Vault Corp. v. Quaid Software, Ltd.*, 847 F.2d 255, 259 (5th Cir. 1988)). The plaintiff in *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 789 (5th Cir. 1999), argued that its misappropriation and infringement claims against a competitor were not preempted by the Copyright Act because they were based on facts contained within copyrightable software, rather than on the copyrightable software itself. *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 789 (5th Cir. 1999). The Fifth Circuit disagreed, holding that the plaintiff undermined its argument against preemption by basing its misappropriation claim on the competitor's use of and reliance on the plaintiff's software, firmware, and manuals in developing the competing product. *Id.*

Here, GlobeRanger's arguments against preemption under the first prong of the subject-matter analysis likewise fall short of their mark. In its Motion to Remand, GlobeRanger characterizes Defendants' alleged misconduct according to the process developed by GlobeRanger rather than the software. However, GlobeRanger's Original Petition alleges that Defendants conspired to unlawfully acquire the GlobeRanger RFID Solution developed for the Navy, that Defendants "gain[ed] unlawful access to GlobeRanger's data dictionary and workflows," and that Defendants reverse-engineered code from the GlobeRanger RFID Solution. (*See* Pl.'s Original Pet. ¶¶ 75-77, 81-82, 85). From this language, the Court determines that this action centers on the software and not


the process, and thus is within the subject matter of the Copyright Act. *See* 17 U.S.C. § 102(a); *Computer Mgmt. Assistance Co.*, 220 F.3d at 400.

### B. Claims Equivalent to Exclusive Rights Granted by Copyright Act

Having determined that GlobeRanger's claims fall within the subject-matter of the Copyright Act, the Court next applies the equivalency test to each of GlobeRanger's claims. If an asserted state law claim protects rights equivalent to the rights protected under the Copyright Act, it is preempted and this Court has original exclusive jurisdiction over the claim. *See Carson*, 344 F.3d at 456. The "extra element" test is used to evaluate the equivalency of rights. *Id.* Under the test, "if 'one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie within the general scope of copyright, and preemption does not occur.'" *Id.* If the core of a state law theory of recovery is the same as the interests clearly protected by the Copyright Act — the wrongful copying, distribution or presentation of the copyrighted material — then the elements are not qualitatively different than the elements for an action under the Copyright Act. *See Daboub*, 42 F.3d at 289-90 (5th Cir. 1995); *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984)(recognizing that the purpose of the Copyright Act "is to create incentives for creative effort.").

To prevail on a misappropriation claim under Texas law, the plaintiff must establish that "'(1) a trade secret exists; (2) Defendants acquired the trade secret by breach of a confidential relationship or other improper means; and (3) Defendants used the trade secret without authorization.'" *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 449 (5th Cir. 2007). The Fifth Circuit explains that "[i]n contrast to federal copyright law, which focuses on the value of creativity, [Texas] misappropriation law is specifically designed to protect the *labor* – the so-called 'sweat equity' – that

goes into creating a work." *Alcatel*, 166 F.3d at 788 (emphasis in original). However, the Fifth Circuit held that if the "acts that form the basis of [a] misappropriation claim touch on interests clearly protected by the Copyright Act" then the claim is preempted. *Id.* at 789.

At the core of GlobeRanger's misappropriation of trade secrets claim are allegations that Defendants wrongfully copied and misused GlobeRanger's RFID Solution software. (*See* Pl.'s Original Pet. ¶¶ 81, 84, 97). GlobeRanger alleges that Defendants' deliberate misappropriation of its trade secrets and proprietary information destroyed the competitive advantage GlobeRanger obtained by spending considerable time and money on development. (*See id.* at ¶¶ 21-27, 93). Since a Texas misappropriation of trade secrets claim shares the same purpose as the Copyright Act and protects the same interests, the Court finds that GlobeRanger's misappropriation of trade secrets claim is preempted by the Copyright Act.

The Court next addresses GlobeRanger's unfair competition claim. Under Texas law, unfair competition "is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000) (quoting *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir. 1974). The cause of action "requires that the plaintiff show an illegal act by the defendant which interfered with the plaintiff's ability to conduct its business." *Id.*

In a per curiam opinion, the Fifth Circuit recognized that "state-law claims of unfair competition . . . are preempted by section 301(a) of the Copyright Act." *West v. Perry*, 392 Fed. Appx. 328, 328-39 (5th Cir. 2010) (per curiam); *see also MicroSource, Inc. v. Superior Signs, Inc.*, 1998 WL 119537, at *2 (N.D. Tex. 1998) (citing *Daboub*, 42 F.3d at 289) (finding that because plaintiff alleged that defendants wrongfully copied and distributed the plaintiff's software, the unfair

competition claim satisfied the *Daboub* test and was preempted). At the center of GlobeRanger's unfair competition cause of action is the allegation that Defendants wrongfully copied and misused its software. Accordingly, GlobeRanger's unfair competition claim fails the "extra element" test, and the claim is preempted by the Copyright Act.

GlobeRanger's tortious interference, conversion, and conspiracy causes of action derive from the same nucleus of operative fact as the events giving rise to the misappropriation and unfair competition claims (Pl.'s Original Pet. ¶¶100-105, 110-113). Accordingly, the Court may exercise supplemental jurisdiction over them and need not address whether each of those claims is independently preempted by the Copyright Act. *See* 28 U.S.C. § 1367(a); *Gibbs*, 383 U.S. at 725.

## IV.

## CONCLUSION

GlobeRanger's claims for misappropriation of trade secrets and unfair competition are preempted by the Copyright Act and are subject to this Court's jurisdiction. Additionally, GlobeRanger's state-law claims for tortious interference, conversion, and conspiracy are subject to supplemental jurisdiction because they share a common nexus of operative facts with the preempted claims. For these reasons, the Court **DENIES** Plaintiff GlobeRanger's Motion to Remand this case and declines to award costs under 28 U.S.C. § 1447(c).

SO ORDERED.

SIGNED August 11, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE