UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBERANGER CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-0403-B |
| | § | |
| SOFTWARE AG, et. al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Software AG USA, Inc., Software AG, Inc., and Main Sail

LLC's Motion to Dismiss, filed March 4, 2011 (doc. 6). Having considered the Motion and the filings

in this case, the Court is of the opinion that it should be and hereby is **GRANTED** for the reasons

discussed below. Defendant Naniq Systems, LLC filed its Motion to Join Defendants' Motion to

Dismiss on March 28, 2011 (doc. 12). The Court also **GRANTS** Defendant Naniq Systems, LLC's

Motion to Join.

## I.

## BACKGROUND

This case arises out of Defendants Software AG-Germany, Software AG- USA, Inc.,

Software AG, Inc., Naniq Systems, LLC, and Main Sail, LLC's, (collectively the "Defendants")

alleged misappropriation of GlobeRanger's trade secrets related to the GlobeRanger RFID Solution,

a radio frequency identification ("RFID") system. (Pl.'s Original Pet. ¶¶ 21-27).   By way of

background, GlobeRanger uses its RFID software platform, along with necessary hardware, to create

custom-tailored GlobeRanger RFID Solutions for its customers.  (*Id.*).  GlobeRanger alleges that it

was denied an opportunity to present its RFID Solution to the Naval Supply Chief Information Officer due to misconduct by Defendants.(*Id.* at 53, 68). Additionally, GlobeRanger alleges that Defendants used their access to GlobeRanger's RFID Solution technology to reverse-engineer the program and create and market their own RFID Solution. (*Id.* at 42, 44, 88-93).

On February 24, 2011 GlobeRanger filed suit in state court, asserting claims of misappropriation of trade secrets, conversion, unfair competition, conspiracy, and tortious interference against Defendants. (Pl.'s Original Pet. ¶¶ 95-119).[1] Defendants removed the action to this Court from the Dallas County Court at Law No. 1 on March 1, 2011, alleging that GlobeRanger's state law claims are preempted by the Copyright Act. (Def.'s Notice of Removal 2). GlobeRanger filed its Motion to Remand (doc. 10) on March 25, 2011. The Court denied GlobeRanger's Motion to Remand, finding that GlobeRanger's misappropriation of trade secrets and conversion claims are preempted by the Federal Copyright Act.

Defendants filed this Motion to Dismiss on March 4, 2011 under Federal Rule 12(b)(6), alleging that GlobeRanger failed to state a claim upon which relief can be granted due to federal preemption of copyright law. The Motion being ripe, the Court now turns to the merits of its decision.

---

[1] Previously, on December 3, 2010, GlobeRanger filed an almost identical action in federal court, assigned to this Court. (Case No. 3:10-CV-2464-B) GlobeRanger later voluntarily dismissed the case without prejudice on February 24, 2011. (Doc. 22 Feb. 24, 2011).

## II.

## LEGAL STANDARDS

*A. Motion to Dismiss*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement', but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The

Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## III.

### ANALYSIS

In their Motion to Dismiss, Defendants argue that, with the exception of the conspiracy claim, GlobeRanger's claims must be dismissed because they are preempted by the Federal Copyright Act. (Def.'s Br. Mot. Dismiss 3-7). Defendants further argue that GlobeRanger's conspiracy claim derives from its other claims, and thus must be dismissed along with them. (Def.'s Br. Mot. Dismiss 7-8).

Federal courts have exclusive original jurisdiction over claims of copyright infringement. *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (citing 28 U.S.C. § 1338(a)). The Copyright Act generally preempts state law claims that are equivalent to any of the exclusive rights created by the copyright law. 17 U.S.C. § 301(a). If a state claim is preempted, it must be dismissed pursuant to Rule 12(b)(6). *Daboub v. Gibbons* 42 F.3d 285, 288-90 (5th Cir. 1995) (affirming dismissal of preempted state claims); *e.g., Drake v. Malouf*, No. 3-99-CV-0315-G, 1999 WL 1007642, at *3 (N.D. Tex. Nov. 5, 1999) (Fish, J.). The facts establishing the underlying basis for a preempted claim may remain in federal court, "but only if Plaintiffs...amend their complaint to substitute a claim of copyright infringement for the preempted state law claims." *Tavormina v. Evening Star Productions, Inc.*, 10 F. Supp. 2d 729, 735 (S.D.Tex. 1998).

In determining whether a state law claim is preempted by the federal copyright law, the Court

applies a two-prong test. *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (citing *Daboub v. Gibbons*, 42 F.3d at 288-89). First, the Court determines whether the claim falls within the subject-matter of copyright. *Id.* Next, the Court looks to whether the state law cause of action protects rights that are "equivalent" to any of the exclusive rights protected by copyright, which include rights to reproduce, distribute, perform, and display the copyrighted work. 17 U.S.C. § 106; *Carson*, 344 F.3d at 456. A state-created right is equivalent to these rights "if the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (citations omitted). The "extra-element" test is used to determine whether the protected rights under state law are equivalent to the rights protected under the Copyright Act. A state claim is equivalent if it involves "'elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act.'" *Daboub*, 42 F.3d at 290 (quoting *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 850 (D.Mass. 1986)).

The Court has already determined that the subject matter of this action falls within the protection of the Federal Copyright Act. (Order Denying Mot. Remand Aug. 11, 2011). The Court has further determined that GlobeRanger's misappropriation of trade secrets and unfair competition claims are equivalent to the rights created by the Federal Copyright Act, and thus preempted. (*Id.*). Having ruled that Plaintiff's misappropriation of trade secrets and unfair competition claims cannot stand in this case, the Court need not address them in the context of the Defendants' Motion to Dismiss.

The Court now turns to whether GlobeRanger's tortious interference claim is preempted by the Copyright Act. To prevail on a tortious interference claim under state law, the plaintiff must

establish that there is: "(1) an existing contract subject to interference, [and] (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Financial Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). The Court in *Optimum Return LLC v. CyberKatz Consulting, Inc.*, 2004 WL 827835, at *4 (N.D. Tex. Mar. 26, 2006), reasoned that at the core of a state law tortious interference claim is the use or misuse of copyrighted software, so the claim is preempted by the Copyright Act. *Optimum Return LLC v. CyberKatz Consulting, Inc.*, 2004 WL 827835, at *4 (N.D. Tex. Mar. 26, 2006) (Fitzwater, J.). The Court finds that GlobeRanger's tortious interference claim is similar to that of the plaintiff in *Optimum Return* because, at the core of its complaint, GlobeRanger alleges that Defendants misused its copyrighted software. (Pl.'s Original Pet. ¶¶ 81-84, 88-93). Accordingly, relying upon the reasoning in *Optimum Return* ,GlobeRanger's tortious interference claim is preempted by the Copyright Act.

Next, the Court addresses whether GlobeRanger's conversion claim is preempted. The elements of conversion under Texas law are that "(1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 792 (S.D. Tex. 2010) (citations omitted). The Fifth Circuit has held that "[t]he elements of conversion of physical property are...qualitatively different than those of copyright infringement" in cases where plaintiffs allege violations of both intellectual property rights and physical property rights. *Carson v. Dynegy, Inc.*, 344 F.3d at 456-57 (citing *Pritkin v. Liberation Publs., Inc.*, 83 F.Supp.2d 920, 923 n. 1 (N.D. Ill. 1999)).

In cases where the plaintiff is only alleging conversion of intellectual property rights, the claim is preempted. *See, e.g., Daboub v. Gibbons*, 42 F.3d at 289-90 (holding that plaintiff's conversion claim was preempted because it only alleged conversion of a song, which is intangible); *M-I LLC*, 733 F.Supp. 2d at 792 (finding that plaintiff's conversion claim is preempted "to the extent that it covers tool drawings, designs, and other matter subject to copyright protection.") Here, GlobeRanger is alleging conversion of computer software. (Pl.'s Original Pet. ¶¶91, 100-105). Accordingly, the Court finds that GlobeRanger's conversion claim is preempted because it involves intangible, copyrightable material.

Having determined that they are preempted by the Federal Copyright Act, the Court **DISMISSES** GlobeRanger's state law claims of misappropriation of trade secrets, unfair competition, tortious interference, and conversion.

Finally, the Court addresses GlobeRanger's conspiracy claim. Civil conspiracy is a "derivative tort" in that "a defendant's liability for conspiracy depends on participation in some underlying tort." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Where the tort claim underlying a claim for civil conspiracy has been dismissed, the civil conspiracy claim must also be dismissed. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997); *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997). In their Motion to Dismiss, Defendants argue that GlobeRanger's conspiracy claim must necessarily be dismissed because GlobeRanger's other state law claims are preempted by the copyright law. (Def.'s Br. Mot. Dismiss 7). In response, GlobeRanger maintains that its conspiracy claim is based on fraud in addition to its preempted state law claims. (Pl.'s Response to Def.'s Mot. Dismiss 5-6). A validly pled fraud claim is an appropriate tort upon which a civil conspiracy claim may be based. *Prospect Energy Corp. v. Dallas Gas Partners, LP*, 761 F.Supp.2d 579, 599 (S.D. Tex. 2011) (citing

*Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative and ERISA Litig.)*, 623 F.Supp.2d 798, 810-11 (S.D. Tex. 2009)). However, GlobeRanger's Original Petition does not plead a separate cause of action based on fraud. The closest GlobeRanger comes to claiming fraud is stating - as a part of its civil conspiracy claim - that "defendants entered into a combination to engage in fraud against Plaintiff for their own personal gain." (Pl.'s Original Pet. ¶111). This does not equate to a separate fraud cause of action. Accordingly, GlobeRanger's attempt to salvage its conspiracy claim with allegations of fraud necessarily fails. Thus GlobeRanger's conspiracy claim must be **DISMISSED**.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss with respect to GlobeRanger's misappropriation of trade secrets, unfair competition, tortious interference, and conversion claims due to copyright preemption. The Court also **GRANTS** Defendants' Motion to Dismiss with respect to the conspiracy claim because of its status as a derivative tort. The Court directs GlobeRanger to amend its complaint to reflect a Federal Copyright Act claim by **September 2, 2011**.


SO ORDERED.

SIGNED August 15, 2011.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-8-