UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLOBERANGER CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-403-B |
| | § | |
| SOFTWARE AG, SOFTWARE | § | |
| AG USA, INC., SOFTWARE AG, INC., | § | |
| NANIQ SYSTEMS, LLC and | § | |
| MAIN SAIL, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Software AG, Inc. and Software AG USA, Inc. (collectively, "SAG") recently filed this Motion for Partial Summary Judgment (doc. 185, "SAG's Motion") seeking judgment on Plaintiff GlobeRanger Corporation's ("GlobeRanger") civil conspiracy claim. The only relevant issue SAG's Motion raises is whether GlobeRanger may—as a matter of procedure—take the position that its conspiracy claim is derivative of its trade secret misappropriation claim. Finding that GlobeRanger is permitted to argue this theory, the Court, as follows, **DENIES** SAG's Motion (doc. 185).

I.

ANALYSIS

This is SAG's second motion for summary judgment.[1] And since the Court already detailed

---

[1] Pursuant to Local Rule 56.2, the Court granted SAG's unopposed Motion for Leave to file a Second Motion for Summary Judgment on August 21, 2014. (Doc. 188, Electronic Or.) The assumption was that this second motion would "present other grounds for summary judgment after further discovery" that were not raised before. (Doc. 184, Mot. Leave 2nd Mot. Summ. J. 1.) While SAG makes a similar argument raised in its first summary judgment motion, GlobeRanger has not asked the Court to deny this Motion pursuant to

the relevant facts in this case in its June 20, 2014 order granting in part and denying in part SAG's first summary judgment motion (doc. 128, the "June 20 Order"), it need not recount them here. No matter, because the issues implicated in SAG's Motion are purely procedural.

In its Motion, SAG seeks summary judgment only on GlobeRanger's conspiracy claim in Count III of the Second Amended Complaint (doc. 182, the "SAC"). (*See* Doc. 185, Def.'s Mot. Partial Summ. J.) SAG argues that summary judgment on the SAC's conspiracy claim is proper, because (1) the "conspiracy claim is based solely on the derivative tort of fraud, which GlobeRanger failed to plead," and (2) "[e]ven if GlobeRanger had pleaded a fraud claim, the evidence established that there was no fraud."[2] (*Id.* at 1.) In response, GlobeRanger does not contest that it failed to plead the derivative tort of fraud, and in fact, says that this Court "already dismissed the conspiracy claim to the extent it was based on fraud."[3] (Doc. 206, Pl.'s Br. Supp. Resp. ("Pl.'s Br.") 10.) And just in case there was any lingering doubt as to whether the fraud-based portion of GlobeRanger's conspiracy claim remained in this case—it does not—SAG's un-rebutted summary judgment evidence shows no genuine dispute exists with respect the derivative fraud theory of GlobeRanger's conspiracy claim.

Nevertheless, GlobeRanger argues that the Court should deny SAG's Motion, because it rests "on th[e] faulty premise . . . that GlobeRanger's conspiracy claim is based solely on the derivative tort

---

Local Rule 56.2, and as such, the Court does not entertain the Motion on this basis.

[2] As mentioned in the June 20 Order, "[a] defendant's liability [for conspiracy] is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709-10 (5th Cir. 2009) (citing *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App. 2007)).

[3] Though the Fifth Circuit partially reversed the Court's order dismissing GlobeRanger's Original Petition for failure to state a claim, as GlobeRanger notes, "[t]he Fifth Circuit did not opine, let alone reverse, this Court's ruling with respect to any fraud-based conspiracy claim." (Pl.'s Br. 9.)

of fraud." (*Id.*) That premise is faulty, according to GlobeRanger, because the SAC and the filings in this case "make clear that GlobeRanger's live conspiracy claim is not based on the derivative tort of fraud but rather is based on the derivative tort of trade-secret misappropriation." (*Id.* (emphasis omitted).) GlobeRanger also correctly highlights that SAG's Motion does not "challenge the merits of GlobeRanger's claim that SAG conspired to misappropriate GlobeRanger's trade secrets," and thus, "[t]he merits of this claim are [] not properly" before the Court. (*Id.* at 16.) The only issue, then, the Court must resolve for this Motion is whether GlobeRanger is permitted to advance the theory that its conspiracy claim is derivative of its unchallenged trade secret misappropriation claim.

On this point, SAG cites that "'[a] claim which is not raised in the complaint, but, rather is raised only in response to a motion for summary judgment is not properly before the court." (Doc. 186, Def.'s Br. Mot. Partial Summ. J. ("Def.'s Br.") 3 n.3 (quoting *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).) Based on this rule, SAG argues that "GlobeRanger cannot save its conspiracy claim by relying on its other tort claims because GlobeRanger did not plead a conspiracy claim based on any tort other than fraud." (*Id.*; *see also* Doc. 216, Def.'s Reply Supp. Mot. Partial Summ. J. ("Def.'s Reply") 2-5.) GlobeRanger responds that the Court should reject SAG's argument, because in its view, SAG was given more than adequate notice—through the pleadings and during these proceedings—that GlobeRanger's conspiracy cause of action is a derivative of its trade secret claim. (Pl.'s Br. 7, 12.) The Court agrees that SAG was given "fair notice" of GlobeRanger's conspiracy to misappropriate trade secrets theory, and therefore, it finds, as follows, that GlobeRanger may advance this theory in opposition to SAG's Motion.

In the Fifth Circuit, "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary

judgment." *DeFranceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 204 (5th Cir. 2012) (unpublished) (citations omitted). This rule derives from the requirement that pleadings give the other side "'fair notice.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698-99 (2009)). To illustrate, if claims or theories "are nowhere to be found in the complaint," it would be unfair to require a defendant to defend against such claims or theories that it learns of, for the first time, during summary judgment. *Id.* But importantly, "a pleading . . . need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard*, 44 F.3d 348 (5th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, the SAC[4] gives SAG "fair notice" of GlobeRanger's conspiracy to misappropriate trade secrets theory. Of the few allegation falling directly under Count III, one admittedly seems to limit the conspiracy claim to a non-existent derivative fraud claim. (*See* SAC ¶ 103 ("Defendants entered into a combination to engage in fraud against Plaintiff for their own personal gain.").) But outside of this single, poorly drafted allegation, the SAC signals a much broader scope for Count III. For instance, Count III is entitled "Conspiracy," rather than the more narrow "Conspiracy to Defraud." And another Count III allegation refers only generally to "Defendants' tortious conduct." (*Id.* ¶ 104.) Moreover, the conspiracy-related allegations outside of this section—which Count III "incorporates by reference . . . as if fully set forth herein" (*id.* ¶ 102)—further notify SAG of this theory. For example, the SAC alleges in its background and related sections: "[i]t took Defendants, *cooperating*

---

[4] The Court looks to the SAC here, because an "amended complaint entirely supersede[s] and [takes] the place of the original complaint." *Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 740 (5th Cir. 1986) (citation omitted). That said, the portions of the SAC cited herein are not materially different from corresponding allegations in GlobeRanger's Original Petition (doc. 1-3) and First Amended Complaint (doc. 79).

*in a conspiracy to misappropriate* GlobeRanger's RFID Solution, just one tenth of the time [GlobeRanger took to create an RFID solution]"; "the *Defendants and their co-conspirators misappropriated* the proprietary, confidential and trade secret information of GlobeRanger"; and for purposes of personal jurisdiction, "Software AG-Germany participated in a *conspiracy* to [among other things] defraud [and] *misappropriate trade secrets* . . . ." (*Id.* ¶¶ 9, 82, 92 (emphasis added).) Indeed, the SAC's preliminary statement proclaims that the complaint, at its core, alleges a collaborative effort among SAG, its co-defendants, and third parties to misappropriate GlobeRanger's technology. (*See id.* § I (summarizing how "Defendants" collectively worked "to discover GlobeRanger's trade secrets" and how "their *co-conspirator* laughed about *Defendants' misappropriation* of GlobeRanger's technology when he confirmed the theft on tape") (emphasis added).)

Nevertheless, SAG suggests that the Court must look at Count III's allegations in isolation, and not allow GlobeRanger to "enlarge" its fraud-based conspiracy claim with references to "fact-section allegations 'incorporated by reference.'" (Def.'s Reply 3-4.) The Fifth Circuit, however, rejected this sort of argument in *Homoki v. Conversion Servs. Inc.*, holding that a defendant had sufficient notice "that [the plaintiff] was pursuing a civil conspiracy claim under a breach of fiduciary duty theory," even though the plaintiff "did not use the words 'breach of fiduciary duty' *in the section of their amended complaint alleging conspiracy* . . . ." 717 F.3d 388, 404 (5th Cir. 2013) (emphasis added). Though the "pleading was perhaps inartful," the Fifth Circuit found sufficient that the amended complaint "alleged facts"—both in and outside of its civil conspiracy section—"upon which relief can be granted on that theory." *Id.*; *see also Brooks v. Firestone Polymers, LLC*, 1:12-CV-325, 2014 WL 4792653, at *22 (E.D. Tex. Sept. 24, 2014) (citing *Perches v. Elcom, Inc.*, 500 F. Supp. 2d 684, 690 (W.D. Tex. 2007) ("While Plaintiffs' Amended Complaint is no model of clarity, it outlines

facts sufficient to have put Firestone on notice of their hostile work environment claims.").

Likewise, while the conspiracy pleadings here may be "inartful," the SAC adequately alleges a civil conspiracy cause of action based on its derivative trade secret misappropriation claim. Perhaps under different circumstances, the Court may be inclined to exercise its discretion and demand more precise pleading in order to ensure "fair notice."[5] But in light of its above discussion of the SAC, as well as the discussion that follows, the Court is confident that SAG received more than adequate notice of the conspiracy to misappropriate theory underlying GlobeRanger's conspiracy claim.

Even assuming the SAC did not provide SAG with adequate notice of GlobeRanger's misappropriation-based conspiracy theory, SAG undoubtably received fair notice of this theory during these proceedings. As an initial matter, the unique procedural history surrounding the theory at issue here warrants looking beyond the pleadings to determine fair notice. Generally, courts applying the aforementioned "fair notice" rule during summary judgment only examine the pleadings, which at this stage, are often the only reliable indica of what the parties have "fair notice" of "as of the time the motion was filed." *Altec Capital, LLC v. Weir Bros., Inc.*, 2013 WL 866193, at *4 (N.D. Tex. Mar. 8, 2013) (Fitzwater, C.J.). Nevertheless, this Court previously looked outside the pleadings—at SAG's insistence—in finding SAG did not receive fair notice of a "new theory" GlobeRanger attempted to assert, for the first time, in response to SAG's first summary judgment

---

[5] For example, Judge Lynn dismissed—without prejudice at the pleading stage—a conspiracy claim that the complaint explicitly tied to plaintiff's voluntarily-dismissed conversion claim, because she was "of the view that the Complaint [] fails to provide Defendants with fair notice of any conspiracy claim related to Plaintiff's other tort claims." *Amazon Tours v. Quest Global Angling Adventures*, No. 3:03-cv-2551-M, 2004 WL 1788078, at *4 (N.D. Tex. Tex. June 30, 2004); *see also Bell v. Dallas County*, No. 3:08-CV-1834-K, 2011 WL 3874904, at *2 (N.D. Tex. Aug. 30, 2011) (Kinkeade, J.) (rejecting summary judgment respondent's assertion of a claim not in the complaint that the respondent confusingly attempted to assert as an entirely "separate caus[e] of action" under a section in the complaint dedicated to another claim).

motion. (June 20 Order at 47 (examining an interrogatory submitted by SAG).) Similarly, at trial, courts applying an analogous fair notice rule do not limit themselves to the pleadings, but rather, examine whether the issue has been "'fairly raised by the pleadings, the pretrial order, or the course of the trial.'" *Thrift*, 44 F.3d at 355 (quoting *Laird v. Shell Oil Co.*, 770 F.2d 508, 510 (5th Cir. 1985)); *see also Homoki*, 717 F.3d at 403-04 ("We find that the proposed pretrial order and the amended complaint gave [the defendant] sufficient notice [of an issue submitted to the jury]. . . .").

With that, the Court here finds that the multiple occasions in which GlobeRanger's misappropriation-based conspiracy theory was "fairly raised" during these proceedings further demonstrates that SAG had adequate notice of this theory as of the time it filed this Motion. SAG first acknowledged that the conspiracy claim may be based on GlobeRanger's other underlying torts, including trade secret misappropriation, in its motion to dismiss briefing.[6] Likewise, in granting SAG's motion to dismiss, the Court recognized GlobeRanger's theory "that its conspiracy is based on . . . its [] state law claims," but dismissed this theory based on its prior finding that these underlying claims were preempted by the Copyright Act. (*See* Doc. 28, Mem. Op. & Or. 7-8.) This dismissal was reversed on appeal, as the Fifth Circuit found that GlobeRanger's underlying tort claims were not preempted, and thus, remanded to this Court for further proceedings.[7] *See GlobeRanger Corp. v. Softare AG et al.*, 691 F.3d 702 (5th Cir. 2012). Subsequently, SAG filed its first motion for

---

[6] (*See* Doc. 7, Def.'s Br. Supp. Mot. Dismiss 8 n.10 ("To the extent that GlobeRanger is asserting a conspiracy claim based on one of the underlying torts alleged elsewhere in its Petition (misappropriation of trade secrets, . . . ), the conspiracy claim should still be dismissed" on copyright preemption grounds); Doc. 19, Def.'s Reply Supp. Mot. Dismiss 1 ("GlobeRanger's civil conspiracy claim is likewise preempted to the extent that it is derivative of the preempted causes of action," including trade secret misappropriation).)

[7] As mentioned above, however, since the Fifth Circuit did not disturb the Court's finding that the conspiracy claim should be dismissed to the extent it is based on an inadequately-pleaded fraud claim, this portion of GlobeRanger's conspiracy claim remained dismissed from the case on remand.

summary judgment, at which time it more explicitly argued that "GlobeRanger cannot succeed on a claim that the Defendants *conspired to misappropriate trade secrets* or commit any other tortious acts." (Doc. 148, Def.'s Reply Supp. 1st Mot. Summ. J. 23. (emphasis added).) Similar to its argument at the motion to dismiss stage, SAG reasoned that "[b]ecause all of [GlobeRanger's] substantive tort claims fail, GlobeRanger's conspiracy claim also fails as a matter of law."[8] (*Id.*) The Court ultimately rejected this contention, finding that since it "upheld GlobeRanger's trade secret misappropriation claim, . . . summary judgment is not proper for GlobeRanger's derivative conspiracy claim." (June 20 Order at 48.)

Despite all of this history, SAG somehow argues now that it was "never given notice that [GlobeRanger's] conspiracy claim is derivative of any tort other than fraud." (Def.'s Reply 5.) It says those prior arguments in its motion to dismiss and summary judgment briefing were made "out of an abundance of caution," and that the Court's prior rulings on these "precautionary argument[s] does not change the cause of action that GlobeRanger actually pleaded." (*Id.*) But this resort to pleading technicalities ignores that the rule at issue only requires "fair notice."[9] And the notice SAG received here was more than fair. Given that SAG found it necessary to squarely address this still-live theory on multiple occasions, it surely must have—"out of an abundance of caution"—taken measures over these three intervening years to prepare a "precautionary" defense. And to the extent it was

---

[8] (*See also* Doc. 136, Def.'s Br. Supp. 1st Mot. Summ. J. 46 ("GlobeRanger may also contend that the Defendants conspired to misappropriate trade secrets, . . . ."); *id.* ("GlobeRanger cannot succeed on its underlying tort claims, and summary judgment therefore is proper on the derivative conspiracy claim.").)

[9] *See Thift*, 44 F.3d at 356 (citation omitted) ("[A] pleading . . . need not specify in exact detail every possible theory of recovery—it must only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *Homoski*, 717 F.3d at 402 (citations omitted) ("The plaintiff is required to give fair notice[;] . . . [it does so] even if it fails to categorize correctly the legal theory giving rise to the claim.").

genuinely confused as to the basis of GlobeRanger's conspiracy claim, SAG could have and should have sought clarification.[10] Instead, it waited until now to file this second summary judgment motion and now inexplicably claims ignorance to a theory it first acknowledged three years ago. Under these circumstances, the Court cannot reasonably conclude that SAG was deprived of fair notice.

Accordingly, GlobeRanger may indeed rely on a conspiracy to misappropriate trade secrets theory to survive SAG's Motion. And since SAG offered no evidence contesting the merits of GlobeRanger's underlying trade secret misappropriation claim, or the elements of GlobeRanger's conspiracy claim, the Court concludes that partial summary judgment in SAG's favor is improper.

## II.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** SAG's Motion for Partial Summary Judgment (doc. 185) filed August 20, 2014.

**SO ORDERED**

**SIGNED: October 6, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[10] *See Homoski*, 717 F.3d at 404 ("While GCS's pleading was perhaps inartful, . . . EPS chose not to request clarification."); *Brooks*, 2014 WL 4792653, at *22 (citing *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 690 n.15 (1973)) ("At the very least, Plaintiffs' allegations should have provided Firestone sufficient reason to move for a more definite statement under Rule 12(e) before responding.").